UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br>CDCR No. P-59915,<br><br>                              Plaintiff,<br><br>           vs.<br><br>D. HODGE; L. ROMERO,<br><br>                              Defendants. | Case No.:  3:16-cv-2904-WQH-BLM<br><br>**ORDER:  (1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR PRELIMINARY INJUNCTION; (3)  GRANTING MOTION TO DISMISS IMPROPERLY NAMED DEFENDANT; and (4)  DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM** |

Antoine L. Ardds ("Plaintiff"), currently incarcerated at the California Health Care Facility,[1] located in Stockton, California, and proceeding pro se, has filed a document entitled "Coloring Agreement" which the Court has liberally construed to be an attempt to file civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a Motion for Preliminary Injunctive Relief (ECF No. 6), as well as certified copies

---

[1]  Although Plaintiff has not notified the Court of his change of address, he is no longer housed at the Richard J. Donovan Correctional Facility ("RJD").  (*See* State of California Inmate Locator, http://www.cdcr.ca.gov/Facilities_Locator/CHCF.html, website last visited Feb. 24, 2017.)

of his inmate trust account statement which the Court liberally construes as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 15). In addition, Plaintiff has filed a "Supplemental Complaint," along with a "Motion to Dismiss Improperly Named Defendant" and a Motion for Leave to File a Supplemental Complaint. (ECF Nos. 8, 10, 14.)

# I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  balance in the account for the past six months, whichever is greater, unless the prisoner
2  has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having
3  custody of the prisoner then collects subsequent payments, assessed at 20% of the
4  preceding month's income, in any month in which his account exceeds $10, and forwards
5  those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);
6  *Bruce*, 136 S. Ct. at 629.

7       In support of his IFP Motion, Plaintiff has submitted certified copies of his inmate
8  trust account statements. These statements show Plaintiff has had no monthly deposits to
9  his account, has carried no balance over the six month period preceding the filing of his
10 Complaint, and that his current available balance is zero. *See* 28 U.S.C. § 1915(b)(4)
11 (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action
12 or appealing a civil action or criminal judgment for the reason that the prisoner has no
13 assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at
14 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
15 preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to
16 the lack of funds available to him when payment is ordered.").

17      Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2, 15),
18 declines to "exact" any initial filing fee because his trust account statement shows he "has
19 no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary for the California
20 Department of Corrections and Rehabilitation ("CDCR") to instead collect the entire
21 $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the
22 Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
23 § 1915(b)(1).

24 **II.**    **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**
25    **A.**    **Standard of Review**
26      Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-
27 answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these
28 statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

1  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants
2  who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
3  (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.
4  2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that
5  the targets of frivolous or malicious suits need not bear the expense of responding.'"
6  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford*
7  *Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

8   "The standard for determining whether a plaintiff has failed to state a claim upon
9  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
10 Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
11 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
12 Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
13 applied in the context of failure to state a claim under Federal Rule of Civil Procedure
14 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
15 as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
16 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

17  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
18 elements of a cause of action, supported by mere conclusory statements, do not suffice."
19 *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
20 relief [is] ... a context-specific task that requires the reviewing court to draw on its
21 judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
22 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
23 this plausibility standard. *Id.*

24  **B.   Plaintiff's Allegations**
25  In the original pleading filed by Plaintiff. which he refers to as a "Coloring
26 Agreement," there are no specific factual allegations contained against any of the named
27 Defendants.  (*See* ECF No. 1.)  However, Plaintiff later filed a "Supplemental
28 Complaint" ("Supp. Compl.") which contains factual allegations and the Court will refer

to this pleading in setting forth Plaintiff's allegations. (*See* ECF No. 8.)

In this pleading, Plaintiff alleges that on December 5, 2016, he "observed" Correctional Officers Romero and Valdevinos[3] assault another inmate. (*Id.* at 4.) Plaintiff claims that he watched the altercation "from the stairs." (*Id.* at 5.) The following morning while Plaintiff was "assisting" this other inmate in an attempt to prevent "further harassment by Officer Valdevinos and Renteria[4]," Plaintiff "question[ed] the reasons for such verbal assaults and breach of duty to protect." (*Id.*)

Plaintiff claims Valdevinos and Renteria "began making threats of harm" towards him. (*Id.*) Plaintiff claims that he has been told by "several inmates" that Defendants Romero, Hudge, Valdevinos and Renteria are "attempting to pay inmates to assault him." (*Id.*) Plaintiff alleges that he "questioned [Correctional Officer] Watson[5] and other officers" and asked "why they refused to press their personal alarms." (*Id.* at 6.) Plaintiff "believes these officers are new and were afraid to speak out, due to fear of negative consequences." (*Id.*)

Plaintiff maintains that the "pervasive complaints and incidents revealed should have had at least alerted D. Paramo [6](Warden) or the Department Headquarters and cause some action to make sure such practices were not occurring." (*Id.* at 7.) He claims is his "only requesting for protection from this Court for the disabled inmate who could not speak or write for themselves to bring about change for the better good for R.J. Donovan." (*Id.* at 8.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

---

[3] Valdevinos is not a named defendant in this action.
[4] Renteria is not a named defendant in this action.
[5] Watson is not a named defendant in this action.
[6] Paramo is not a named defendant in this action.

substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D.  Individual Causation

Neither Plaintiff's original Complaint nor Plaintiff's "Supplemental Complaint" contain any factual allegations against Defendants Romero or Hudge whom he claims violated his constitutional rights and contains no "further factual enhancement" which describes how, or to what extent, these individuals became aware of, or were actually aware of, any alleged constitutional violation.[7] "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

"Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).   There are no factual allegations linking Defendants

---

[7]  In fact, Plaintiff's Supplemental Complaints raises claims against individuals who are not named in any of Plaintiff's pleadings and alleges actions that were taken against another inmate rather than Plaintiff.

Romero or Hudge to any of his claims regarding alleged constitutional violations.

Thus, for these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted, and that it therefore must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.  The Court will provide Plaintiff leave to amend but his amended complaint must be complete in and of itself.  Plaintiff must identify specific Defendants and link them to claims regarding the alleged violations of his constitutional rights.

### III.   Motion for Preliminary Injunction

Plaintiff has also filed a "Motion for Preliminary Injunction." (ECF No. 6.)  In this Motion, Plaintiff claims that Defendants have "denied him access to the law library and participation in religious programs," as well as denying his "right to be free from cruel and unusual punishment" while housed at RJD.  (*Id.* at 1.)

Rule 65 of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1). Plaintiff's Motion for injunctive relief does not comply with Rule 65(a)'s important procedural notice requirement because he has not shown that either his Complaint, his Supplemental Complaint or his Motion have been served on any named Defendant.

Moreover, even if Plaintiff had properly served Defendants with notice of his Motion, it wholly lacks merit. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

As set forth in detail above, the Court has found that Plaintiff's Complaint fails to

state a claim upon which relief can be granted and has dismissed his pleading sua sponte in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Therefore, Plaintiff has necessarily failed to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *Id.*; *see also Asberry v. Beard*, Civil Case No. 3:13-cv-2573-WQH JLB, 2014 WL 3943459, at *9 (S.D. Cal. Aug. 12, 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest) (citing *Winter*, 555 U.S. at 20).

Moreover, Plaintiff is no longer housed at RJD as stated above. Any claims for injunctive relief against individuals at RJD are now moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

For these reasons, Plaintiff's Motion for Injunctive Relief (ECF No. 6) must be DENIED.

## IV. Motion to Dismiss Improperly Named Defendant

Plaintiff has also filed a "Notice of Motion and Administrative Motion to Dismiss Improperly Named Defendant.[8]" (ECF No. 10.) A review of this Motion indicates that Plaintiff does not intend to "dismiss" Defendant Hudge from this action but rather correct the spelling of his name to "Hodge." (*Id.* at 1-2.) Therefore, Plaintiff's Motion is GRANTED in part and the Clerk of Court is directed to change the spelling of Defendant Hudge's name to "Hodge" in the Court's docket.

///
///

---

[8] In this Motion, Plaintiff claims that Defendant Hudge has been "improperly named and served." (ECF No. 10 at 1.) However, Plaintiff is cautioned that no defendant has been served in this action at this time because the Court has not yet found that Plaintiff's claims have survived the sua sponte screening process required by 28 U.S.C. §§ 1915(e)(2) & 1915A.

## V. Motion for Leave to File a Supplemental Complaint

Finally, Plaintiff has a filed a document that the Court has construed as a motion seeking leave to file a supplemental complaint. (ECF No. 14.) In this pleading, Plaintiff "move[s] to amend G. Valdovinos as a defendant in this civil action." (*Id.* at 1.) Plaintiff then sets forth additional allegations relating to Valdovinos for actions that were alleged to have occurred on December 16, 2016. (*Id.*) However, Plaintiff filed his motion just three days later. (*Id.* at 2.) While the Court will grant Plaintiff's Motion and allow him to include these claims in his amended complaint, Plaintiff is cautioned that he must properly exhaust all of his administrative remedies prior to bringing any of the claims he is alleging in this action. *See* 42 U.S.C. § 1997e. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'[ ]-rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88).

## VI. Conclusion and Order

For all the reasons explained the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

1   3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

3   4.   **DISMISSES** this civil action failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5   5.   **GRANTS** Plaintiff's Motion to File a Supplemental Complaint (ECF No. 14) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to re-open his case by filing an Amended Complaint which cures all the deficiencies of pleading described in this Order. If Plaintiff elects to file an Amended Complaint, it <u>must be complete by itself</u> without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, this civil action will remain dismissed without prejudice based on his failure to state a claim upon which relief can be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**IT IS FURTHER ORDERED that**

6.   Plaintiff's Motion for Preliminary Injunction (ECF No. 6) is **DENIED**.

7.   Plaintiff's "Motion to Dismiss Improperly Named Defendant" (ECF No. 10) is **GRANTED** in part.  The Clerk of Court is **DIRECTED** to correct the spelling of Defendant "D. Hudge" to "D. Hodge" in the Court's docket.

/ / /
/ / /
/ / /

8. The Clerk of Court is also **DIRECTED** to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

Dated: February 28, 2017

Hon. William Q. Hayes
United States District Court