# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br>CDCR No. P-59915,<br><br>                   Plaintiff,<br>  v.<br>D. HODGE; L. ROMERO; D.<br>PARAMO; P. BARAMONTE; G.<br>VALDOVINOS; RENTERIA; C.<br>GARDINEZ; McGEE; SMITH,<br><br>                   Defendants. | CASE NO. 16cv2904-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matters before the Court are various Motions for Injunctive Relief (ECF Nos. 30, 33, 43, 47, 50, 52, 58, 63, 68, 70) filed by Plaintiff Antoine L. Ardds.

**I.    Procedural Background**

Antoine L. Ardds ("Plaintiff"), proceeding pro se, is currently incarcerated at the Corcoran State Prison, located in Corcoran, California. On November 16, 2016, Plaintiff filed a document entitled "Coloring Agreement," which the Court construed as a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). In the three months after filing his complaint, Plaintiff filed the following documents: two certified copies of his inmate trust account statement, which the Court construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 15); a Supplemental Complaint (ECF No. 8); two documents titled Ex Parte Motions, which the Court construed to be Supplemental Documents in Support of Complaint (ECF Nos. 12, 14); a Motion for Preliminary Injunction (ECF No. 6); a Motion to Dismiss

Improperly Named Defendant (ECF No. 10); and an Ex Parte Notice (ECF No. 4).

On February 28, 2017, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, denied the Motion for Preliminary Injunction, granted the Motion to Dismiss an improperly named defendant, and dismissed the Complaint for failing to state a claim upon which relief could be granted. (ECF No. 18). On March 27, 2017, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 23). On May 4, 2017, this Court found Plaintiff's FAC "contained factual content sufficient to survive the 'low threshold' for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)." (ECF No. 24 at 9).

Plaintiff has filed ten motions for injunctive relief (ECF Nos. 30, 33, 43, 47, 50, 52, 58, 63, 68, 70) and eleven declarations in support of the requested remedial measures (ECF Nos. 54, 60, 61, 64, 65, 76, 77, 80, 82, 88, 90) for alleged "continued [] acts of intimidation, harassment, threats, physical assaults on disable [sic] E.O.P. patients," "hinderance [sic] of Plaintiff's access to other district courts," "failing to send Plaintiff's legal boxs [sic], legal mail," (ECF No. 50 at 2,7) and improper denial of single-cell status (ECF No. 64 at 3). On August 8, 2017 the Court ordered Defendants to reply to six Motions for Preliminary Injunction (ECF Nos. 30, 33, 43, 47, 50, 52) that Plaintiff had filed at the time. (ECF No. 53). On August 28, 2017, Defendants filed a response in opposition to the six motions for injunctive relief identified by the Court, and one motion (ECF No. 63) filed by Plaintiff subsequent to the Court's order. (ECF No. 66 at 1). On September 14, 2017, Plaintiff filed a motion requesting an extension for his reply to Defendants' opposition (ECF No. 73), which the Court granted on September 19, 2017. (ECF No. 74). Plaintiff has filed additional declarations in support of his previously filed motions (ECF Nos. 76, 77, 80, 82, 88, 90) and two additional motions for injunctive relief (ECF Nos. 68, 70).

On November 20, 2017, Plaintiff filed his reply to Defendants' Response to his motions for injunctive relief. (ECF No. 92).

**II. Contentions**

Plaintiff contends that (1) he has "been continuously harassed and denied access to legal property" (ECF No. 30 at 1); (2) his "legal boxes at RJD, have been destroyed per order by Defendant D. Paramo" (ECF No. 33 at 1); and (3) his four transfers since February 2017 are a result of Defendants' efforts to "hinder plaintiff's access to the courts by hiding him in other facilit[ies]." (ECF No. 50 at 13). Plaintiff further contends that the refusal by Defendants to place him on single cell status has put him at "substantial risk of harm from other inmates." (ECF No. 43 at 4). Plaintiff also makes claims about alleged assaults on inmates not party to this case and requests that the Court order an investigation of the alleged assaults. (ECF Nos. 50, 63). Plaintiff requests that the Court order Defendants to "release [his] legal property so that [he] may respond to Court deadlines," (ECF No. 33 at 2) "place him on single cell status," (ECF No. 43 at 4) and "rehouse [him] on a safer and constitutional [sic] secured facility." (ECF No. 50 at 3). Plaintiff requests that the Court "order CDCR's direct [sic] secretary, Scott Kernan to conduct an adequate investigation into the assault and battery upon inmates Dion Terrell . . . and K. Flemmings." *Id*. at 10.

Defendants contend that Plaintiff has not satisfied the requirements for injunctive intervention by the Court. (ECF No. 66 at 2). Specifically, Defendants contend that Plaintiff has not established "a likelihood of success on the merits of his underlying claim," a " risk of irreparable injury if his motions are not granted," or "the balance of hardships that would result if his motions are denied tip in his favor." *Id.* at 2. Defendants contend that Plaintiff's various requests for injunctive relief are "overly broad, vague, and based on speculation." *Id.* at 4. Defendants support this contention by offering the docket reports for cases currently being litigated by Plaintiff in other courts. Defendants assert the docket reports establish that Plaintiff has not been denied access to legal materials or access to the courts. *Id*. at 5. Defendants contend that Plaintiff has not provided any "evidence that he meets the criteria for single-cell status." *Id*. at 6. Defendants contend that Plaintiff has provided only "vague assertions" that he is unsafe at Richard J. Donovan Correctional Facility ("RJD") and that without any

concrete evidence or allegation of specific facts, "it is difficult for Defendants to submit evidence to counter Plaintiff's vague assertions." *Id*. at 6. Lastly, Defendants contend that "the Court cannot issue orders to defense counsel or outside agencies to conduct investigations with regard to inmates that are not party to this case." *Id*. at 10.

### III. Legal Standard

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order or a preliminary injunction. Fed. R. Civ. P. 65(b). When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). At a minimum, "the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

#### A. Access to Legal Materials

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009).

To establish a violation of the right of access to the courts a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *See Lewis*, 518 U.S. at 353-55; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (to state an access to courts violation, plaintiff must describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost"). The prisoner must demonstrate that he has suffered or will imminently suffer actual injury. *Lewis*, 518 U.S. at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362.

In this case, the fact that Plaintiff has a pending "non-frivolous" civil action which raises a constitutional challenge to the conditions of his confinement does not entitle him to a preliminary injunction. *See James v. Emmens*, Case No.: 3:16-cv-02823-WQH-NLS (S.D. Cal. Jan. 31, 2017). To meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff must provide specific facts demonstrating that he faces a credible threat of immediate and irreparable harm, unless an injunction issues. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs, Co., Inc.*, 844 F.2d at 674-75.

Plaintiff claims he has been "continuously harassed and denied access to legal property," (ECF No. 30 at 1), that his "legal boxes at RJD, [were] destroyed per order by Defendant D. Paramo," (ECF No. 33 at 1), and that unspecified persons have "fail[ed] to send [his] legal boxs [sic], legal mail, [and are] keep[ing] outgoing legal correspondence from the courts." (ECF No. 50 at 7). Plaintiff fails to identify the nature of the materials, the relevance of the materials to his pending litigation, or "actual prejudice with respect to [his] existing litigation, such as the inability to meet a filing

deadline or to present a claim." *Lewis*, 518 U.S. at 348.

Defendants request judicial notice of the dockets in three district court cases that Plaintiff is currently litigating. (ECF No. 66-1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)) (alterations in original). Accordingly, this Court takes judicial notice of docket proceedings in *Ardds v. Pizano, et al.,* Northern Dist. Cal. Civil Case No. 3:15-cv-00686-JCS, *Ardds v. Pizano, et al.,* Northern Dist. Cal. Civil Case No. 5:16-cv-01389-EJD, and *Ardds v. Constancio, et al.*, Eastern Dist. Cal. Civil Case No. 2:17-cv-00679-EFB. (ECF No. 66-1 at 4-25). The docket in each of these proceedings indicates that Plaintiff is actively litigating each case. Plaintiff's claims of denied access to legal materials are general and Plaintiff does not offer evidence of a specific period during which he was denied access to legal materials.

Plaintiff also alleges that "[d]efendants continue to hinder plaintiff's access to courts by hiding him in other facilit[ies] with the agreement of fellow wardens to delay all legal mail process." (ECF No. 50 at 13). While Plaintiff has been transferred to several different prisons within California since he first commenced this action, Plaintiff fails to provide facts indicating that these transfers were retaliatory. In fact, Plaintiff's motions indicate that Plaintiff sought a transfer from RJD. Plaintiff requested a protective order or transfer because "defendants are trying to keep me housed at RJD, even upon their acknowledgment of the substantial risk of harm," (ECF No. 52 at 3), and because he was not "getting [the] mental health services" he required. (ECF No. 60 at 2).[1]

Plaintiff fails to offer sufficient evidence to establish that the transfers or alleged destruction of legal materials significantly hindered his ability to litigate claims before

---

[1] Plaintiff is currently housed in California State Prison, Corcoran (CSP-COR). The Court concludes that any request to transfer from RJD is moot.

the Court. The Court concludes that Plaintiff has failed to establish a threat of irreparable harm or likelihood of success on the merits with regard to access to legal materials. Plaintiff's requests for injunctive relief related to his legal materials are denied.

### B. Single-cell Status

Plaintiff claims the failure of defendants and other parties not named in this case to grant him single-cell status has created "a substantial risk of harm from other inmates placed in his cell." (ECF No. 43 at 4). Although Plaintiff need not wait for an injurious event to occur to seek injunctive relief, Plaintiff has not shown a real or immediate threat of retaliation or injury. *Cf. Helling v. McKinney*, 509 U.S. 25, 33 (1993) (stating that it "would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet has happened to them").

In his FAC, Plaintiff alleges that Defendants used Plaintiff's cellmate as "an instrument of attack to harm Plaintiff." (FAC at 7). Plaintiff alleges his cellmate "attempted to carry out an assault under the influence of speed or heroin." *Id.* at 20. Plaintiff asserts it was a "failed attempt." *Id.* This alleged incident at a facility in which Plaintiff is not currently housed does not amount to an immediate threat of irreparable harm warranting injunctive relief. Plaintiff is not currently housed at RJD. (ECF No. 85). The Court concludes that Plaintiff's request for single-cell status at RJD is moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (noting that when an inmate has been released from custody or transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot). The Court denies Plaintiff's request for injunctive relief granting him single-cell status.

### C. Claims Regarding Other Inmates

Plaintiff alleges that "[f]or the last year defendants L. Romero, G. Valdovinos,

A. Renteria, W. Smith, S. McGee, C. Gardinez, and D. Hodge have continued their assaults upon 'C' yard's E.O.P. mentally disabled inmate population" and that "each [defendant] has continued their acts of intimidation, harassment, threats, physical assaults on disabled E.O.P. patients." (ECF No. 50 at 6, 7). Plaintiff requests that the Court order an "investigat[ion] into the assault and battery upon [other] inmates . . . who were victims of unnecessary use of force. (ECF No. 50 at 10).

A federal court's jurisdiction can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The court may not determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

In this case, Plaintiff requests relief for prisoners not party to this action in relation to alleged actions by prison officials not party to this action. The Court lacks jurisdiction to determine the rights of individuals not party to this case.

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motions (ECF Nos. 30, 33, 43, 47, 50, 52, 58, 63, 68, and 70) for injunctive relief are DENIED.

DATED: November 22, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge