# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTOINE L. ARDDS, CDCR No. P-59915, Plaintiff, v. D. HODGE; L. ROMERO; D. PARAMO; P. BARAMONTE; G. VALDOVINOS; RENTERIA; C. GARDINEZ; McGEE; SMITH, Defendants. | CASE NO. 16cv2904-WQH-BLM<br><br>ORDER |
|---|---|

HAYES, Judge:

The matters before the Court is the Motion for Appointment of Counsel filed by Plaintiff Antoine Ardds. (ECF No. 56).

## I. Procedural Background

Antoine L. Ardds ("Plaintiff"), proceeding pro se, is currently incarcerated at the Corcoran State Prison, located in Corcoran, California. On November 16, 2016, Plaintiff filed a document entitled "Coloring Agreement," which the Court construed as a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1). In the three months after filing his complaint, Plaintiff filed the following documents: two certified copies of his inmate trust account statement, which the Court construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 15); a Supplemental Complaint (ECF No. 8); two documents titled Ex Parte Motions, which the Court construed to be Supplemental Documents in Support of Complaint (ECF Nos. 12, 14); a Motion for Preliminary Injunction (ECF No. 6); a Motion to Dismiss

Improperly Named Defendant (ECF No. 10); and an Ex Parte Notice (ECF No. 4).

On February 28, 2017, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, denied the Motion for Preliminary Injunction, granted the Motion to Dismiss an improperly named defendant, and dismissed the Complaint for failing to state a claim upon which relief could be granted. (ECF No. 18).

On March 27, 2017, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 23). On May 4, 2017, this Court found Plaintiff's FAC "contained factual content sufficient to survive the 'low threshold' for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b)." (ECF No. 24 at 9).

On August 3, 2017, Plaintiff filed a motion for appointment of counsel. (ECF No. 56). The record reflects that Defendants have not filed any response to the motion.

On November 22, 2017, the Court issued an Order denying ten motions for injunctive relief filed by Plaintiff. (ECF No. 93).

## II. Motion for Appointment of Counsel

Plaintiff moves the Court for an order appointing counsel to represent him in this action pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 56). Plaintiff asserts that he is unable to afford counsel and is a mentally disabled pro se prisoner. *Id.* at 1. Plaintiff contends that "at times, his mental health will greatly limit his ability to litigate." *Id.* Plaintiff contends that "the issues invoked in this case are complex and will require significant research and investigation, Plaintiff has limited access to the library and limited knowledge of the law." *Id.*

A plaintiff has no absolute right to appointed counsel in a civil proceeding. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a

showing of "exceptional circumstances." *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court has evaluated the likelihood of success of Plaintiff's claims and Plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. Based on the filings to date, Plaintiff has demonstrated an ability to articulate his claims. Plaintiff has filed multiple documents with the Court which effectively articulate his legal positions. The Court concludes that it is premature to determine that Plaintiff has a likelihood of success on the merits at this stage in the proceedings. The Court concludes that Plaintiff has not demonstrated "exceptional circumstances" supporting the appointment of counsel at this stage in the proceedings. *Palmer*, 560 F.3d at 970.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Appointment of Counsel is DENIED without prejudice. (ECF No. 56).

DATED: 11/27/17

**WILLIAM Q. HAYES**
United States District Judge